UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Nekeyia Moore, *on behalf of herself and others similarly situated*, | ) ) ) |
| Plaintiff, | ) Case No: 1:19-cv-1470 ) |
| v. | ) CLASS ACTION COMPLAINT ) |
| Comcast Corporation, | ) ) Jury Trial Demanded |
| Defendant. | ) ) ) |

**Nature of this Action**

1.  Nekeyia Moore ("Plaintiff") brings this class action against Comcast Corporation ("Defendant") under the Telephone Consumer Protection Act ("TCPA").

2.  Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system, and a prerecorded or artificial voice, to place non-emergency calls to telephone numbers assigned to a cellular telephone service without prior express consent, in that Defendant places autodialed calls, and delivers prerecorded or artificial voice messages, to wrong or reassigned cellular telephone numbers.

**Jurisdiction and Venue**

3.  This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

4.  Venue is proper before this Court under 28 U.S.C. § 1391(b), as a substantial portion of the events giving rise to this action occurred in this district.

**Parties**

5.  Plaintiff is a natural person who at all relevant times resided in Chicago, Illinois.

1

6. Defendant is a corporation headquartered in Philadelphia, Pennsylvania.

**Factual Allegations**

7. In or around September 2018, Plaintiff obtained a new cellular telephone number—(312) XXX-1004.

8. Plaintiff is the regular and sole user of her cellular telephone number.

9. Plaintiff received many calls from Defendant since she obtained her cellular telephone number.

10. For example, Defendant placed calls to Plaintiff's cellular telephone on:

- February 4, 2019;
- February 2, 2019;
- January 24, 2019;
- January 21, 2019;
- January 16, 2019;
- January 7, 2019;
- December 28, 2018;
- December 27, 2018;
- December 24, 2018;
- December 22, 2018; and
- December 20, 2018.

11. Defendant placed additional calls to Plaintiff's cellular telephone number on dates not listed above.

12. Upon information and good faith belief, Defendant maintains business records that show all calls it placed to Plaintiff's cellular telephone number.

13. Defendant placed its calls to Plaintiff's cellular telephone number from telephone number (800) 266-2278—a telephone number associated with Defendant.

14. To be sure, when dialed, telephone number (800) 266-2278 plays a recorded messages that states: "Welcome to Comcast . . . ."

15. Plaintiff is not one of Defendant's customers.

16. Plaintiff does not have any business relationship with Defendant.

17. Plaintiff does not owe any monies to Defendant.

18. Plaintiff did not provide her cellular telephone number to Defendant.

19. Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system.

20. On at least one occasion, Plaintiff answered a call from Defendant, spoke to one of Defendant's representatives, and informed Defendant that it had dialed a wrong number.

21. On at least one other occasion, Plaintiff answered a call from Defendant, and was greeted by an automated, prerecorded or artificial voice prompt system.

22. Plaintiff attempted to navigate the prompt system.

23. In particular, she was first asked to input her cellular telephone number, which she did.

24. She was then provided a partial address and asked to input the related zip code, which she did not know and could not provide—given that the partial address was associated with the intended recipient of Defendant's call, which Plaintiff is not.

25. Unable to proceed further, Plaintiff then pressed zero in an effort to be connected to a live operator, but she was not so connected.

26. She then disconnected the call.

27. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

28. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, Defendant placed its calls to Plaintiff's cellular telephone

number by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

29. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including Defendant's use of a prerecorded or artificial voice, Defendant placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following reports and orders, and declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (September 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

30. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

31. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number voluntarily.

32. Upon information and good faith belief, Defendant placed its calls to Plaintiff's cellular telephone number under its own free will.

33. Upon information and good faith belief, Defendant had knowledge that it was using an automatic telephone dialing system, and a prerecorded or artificial voice, to place its calls to Plaintiff's cellular telephone number.

34. Plaintiff suffered actual harm as a result Defendant's calls in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

35. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an automatic telephone dialing system, and a prerecorded or artificial voice, to place calls, absent prior express consent, to telephone numbers assigned to a cellular telephone service.

**Class Action Allegations**

36. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Comcast Corporation placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Comcast Corporation's calls, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within four years preceding the date of this complaint through the date of class certification.

37. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

38. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

39. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

40. The members of the class are ascertainable because the class is defined by reference to objective criteria.

41. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

42. Plaintiff's claims are typical of the claims of the members of the class.

43. As it did for all members of the class, Defendant used an automatic telephone dialing system, and a prerecorded or artificial voice, to place calls to Plaintiff's cellular telephone number.

44. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

45. Plaintiff's claims are based on the same theories as are the claims of the members of the class.

46. Plaintiff suffered the same injuries as the members of the class.

47. Plaintiff will fairly and adequately protect the interests of the members of the class.

48. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

49. Plaintiff will vigorously pursue the claims of the members of the class.

50. Plaintiff has retained counsel experienced and competent in class action litigation.

51. Plaintiff's counsel will vigorously pursue this matter.

52. Plaintiff's counsel will assert, protect, and otherwise represent the members of the

class.

53. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

54. Issues of law and fact common to all members of the class are:

   a. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

   b. Defendant's violations of the TCPA;

   c. Defendant's use of an automatic telephone dialing system as defined by the TCPA;

   d. Defendant's use of a prerecorded or artificial voice; and

   e. The availability of statutory penalties.

55. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

56. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

57. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

58. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

59. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class.

60. The damages suffered by each individual member of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

61. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

62. There will be little difficulty in the management of this action as a class action.

63. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

## Count I
## Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

64. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-63.

65. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number without consent.

66. Defendant separately violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing a prerecorded or artificial voice in connection with its calls to Plaintiff's cellular telephone number.

67. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff, and the members of the class, are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a class representative under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class;

f) Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

| | |
|---|---|
| Date: February 28, 2019 | */s/ Aaron D. Radbil* |

Greenwald Davidson Radbil PLLC
401 Congress Avenue, Suite 1540
Austin, Texas 78701
Phone: (512) 803-1578
Fax: (561) 961-5684
aradbil@gdrlawfirm.com

**Kozonis & Klinger, Ltd.**
Gary M. Klinger
4849 N. Milwaukee Ave., Ste. 300
Chicago, Illinois 60630
Phone: 312.283.3814
Fax: 773.496.8617
gklinger@kozonislaw.com

Counsel for Plaintiff and the proposed class

10